# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUSTIN MICHAEL SCHEXNAYDER, SR. AND MARILYN FAUCHEAUX TARTO, INDIVIDUALLY AND AS A DULY APPOINTED CURATOR OF DUSTIN MICHAEL SCHEXNAYDER, SR. | CIVIL ACTION |
| VERSUS | NO: 12-416 C/W 12-542 |
| ST. CHARLES PARISH, ET AL. | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States Army Corps of Engineers' Motion to Dismiss (Doc. #22) is **GRANTED**, and plaintiffs' claims against it are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Civil Action No. 12-416 is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Civil Action No. 12-542 is **REMANDED** to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana.

## BACKGROUND

These consolidated matters are before the court on a motion to dismiss filed by defendant, the United States Army Corps of Engineers ("USACE").[1] The USACE argues that plaintiffs' claims

---

[1] The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-80, provides a limited waiver of sovereign immunity and a grant of jurisdiction to the federal district courts for tort claims made against the United States of America. The FTCA provides that a tort action must be maintained against the United States of America, and bars suits against individual federal agencies. 28 U.S.C. §§ 1346(b) and 2671-80. Thus, the United States of America is the proper defendant in this tort action, not the USACE.

against it must be dismissed because they failed to exhaust their administrative remedies prior to filing suit.

On February 14, 2012, plaintiffs, Dustin Michael Schexnayder, Sr. and Marilyn Faucheaux Tarto, individually and as duly appointed curator of Dustin Michael Schexnayder, Sr., filed Civil Action No. 12-416 in the United States District Court for the Eastern District of Louisiana alleging state-law tort claims against St. Charles Parish; Vernon Joseph "V.J." St. Pierre, Jr., the President of St. Charles Parish; the St. Charles Parish Council; the State of Louisiana; and the USACE seeking damages for personal injuries sustained by Schexnayder in an automobile accident. That same day, plaintiffs filed an identical suit in the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana. The USACE removed that action to the United States District Court for the Eastern District of Louisiana, and it was assigned Civil Action No. 12-542 and consolidated with the original federal suit (Civil Action No. 12-416).

On March 1, 2012, after filing the above referenced civil actions, Schexnayder first presented a written administrative claim to the USACE for damages arising out of the automobile accident. The USACE moves to dismiss plaintiffs' claims against it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because plaintiffs failed to exhaust their administrative remedies prior to filing the lawsuits, and named a federal agency as the defendant instead of the United States of America. Plaintiffs argue that the United States should remain a party to the action because Schexnayder is a third-party beneficiary of the United States' contract with St. Charles Parish regarding maintenance of the road.

2

## ANALYSIS

**A.     Legal Standard**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

**B.     Federal Tort Claims Act**

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Broussard v. United States, 989 F.2d 171, 174 (5th Cir. 1993) (internal quotation and citation omitted). The United States has statutorily consented to suits regarding common law torts pursuant to the terms of the Federal Tort Claims Act ("FTCA"). Id. The FTCA contains a limited waiver of the United State's sovereign immunity, allowing a plaintiff to sue the United States for damages in compensation for injuries resulting from certain torts of employees of the government acting within the scope of their employment. Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996); 28 U.S.C. § 1346(b). "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant" in a FTCA suit. Galvin

v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988). Under the FTCA, plaintiffs asserting a tort claim against the United States must first file an administrative claim, and either obtain a written denial of the claim from the agency or wait six months until after the filing of the administrative claim. 28 U.S.C. § 2671, et seq..

This court lack subject matter jurisdiction over plaintiffs' claims against the USACE because plaintiffs: (1) failed to exhaust their administrative remedy prior to filing suit; and, (2) named a federal agency instead of the United States of America as a defendant. Further, although plaintiffs argue that the United States should remain a party to the action because Schexnayder is a third-party beneficiary of the United States' contract with St. Charles Parish regarding maintenance of the road, plaintiffs did not allege any contract claims in their complaints. Instead, they alleged that the USACE claims sound in tort. Specifically, plaintiffs alleged that the USACE was negligent in failing to properly maintain the roadway. Because plaintiffs did not allege contract claims against the USACE, and the court lacks subject matter jurisdiction over their tort claims against it plaintiffs' claims against the USACE must be dismissed.

**C.      Supplemental Jurisdiction**

In a civil action over which the federal court has original jurisdiction, the court may exercise supplemental jurisdiction over state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a) (West 2009). If a claim is dismissed for lack of subject matter jurisdiction, the federal court has no discretion to retain supplemental jurisdiction over the plaintiffs' state law claims. Scott v. Pasadena Unified School Dist., 306 F.3d 646, 664 (9th

Cir. 2002)). Indeed, if a plaintiffs' federal claims are dismissed for failure to state a claim under Rule 12(b)(1), exercising jurisdiction would "violate Article III of the Constitution, because the original federal claim would not have 'substance sufficient to confer subject matter jurisdiction upon the court.'" Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1224, 1225 (6 Cir. 1996) (quoting United Marine Workers v. Gibbs, 86 S.Ct. 1130 (1966)). Thus, because this court lacks original jurisdiction over plaintiffs' claims against the USACE, it cannot exercise supplemental jurisdiction over plaintiffs' state-law claims against the non-diverse defendants. Therefore, the original federal suit (Civil Action No. 12-416) is DISMISSED, and the removed state-court suit (Civil Action No. 12-542) is REMANDED to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana.[2]

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States Army Corps of Engineers' Motion to Dismiss (Doc. #22) is **GRANTED**, and plaintiffs' claims against it are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Civil Action No. 12-416 is **DISMISSED WITHOUT PREJUDICE**.

---

[2] The suits must be dismissed and remanded because plaintiffs cannot cure the jurisdictional defect by filing amended complaints after they exhaust their administrative remedies. Amending the complaint to allege facts which arose after the filing of the original complaint cannot confer jurisdiction on the court. See In re: Katrina Canal Breaches Litigation, 2009 WL 2391572, *2 (5th Cir. August 4, 2009). An amended complaint filed after administrative agency exhaustion cannot cure a defect in subject matter jurisdiction that existed when the case was first filed, even if the federal defendant was named in the original premature complaint. Sparrow v. U. S. Postal Serv., 825 F.Supp. 252, 255 (E.D.Ca. 1993); see also Hoffenberg v. Provost, 154 Fed. Appx. 307, 310 (3rd Cir. 2005).

**IT IS FURTHER ORDERED** that Civil Action No. 12-542 is **REMANDED** to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana.

New Orleans, Louisiana, this  18th  day of April, 2012.

                                        **MARY ANN VIAL LEMMON**
                                        **UNITED STATES DISTRICT JUDGE**